Rayford J. WRIGHT

v.

LUMBERMEN'S MUTUAL CASUALTY COMPANY; National Surety Corporation, Intervenor.

Civ. No. 2358.

United States District Court
W. D. Louisiana, Opelousas Division.

Sept. 12, 1955.

716

Edward Dubuisson, Opelousas, La., for plaintiff.

H. L. Hammett, New Orleans, La., for defendant.

A. V. Pavy, Opelousas, La., for Intervenor.

HUNTER, District Judge.

The essential facts, briefly stated, are these: This is a suit for personal injuries received by plaintiff. The occurrence on which it is predicated happened in Evangeline Parish, Louisiana on January 6, 1947. Defendant is the liability insurer of the party whose negligence allegedly caused the accident. Jurisdiction is based solely on diversity of citizenship. Suit was filed on March 25, 1948. The case was put at issue on September 13, 1948. For a period of almost six years no steps towards the prosecution of this case were taken. On July 8, 1954, this court, on its own motion and pursuant to its policy and inherent power to keep its docket clear, ordered the suit dismissed because no forward steps had been taken in the prosecution of same. On July 13, 1954, plaintiff's attorney wrote a letter to the court requesting that the case be re-instated. On July 15, 1954 the court, by an ex parte order, directed the Clerk to re-instate the suit on the docket. The record reveals that no action was taken in this case, of any nature, between September 13, 1948 (the date answer was filed) and July 8, 1954. Defendant's counsel advised the court by telegram of July 19, 1954 that he objected to the reinstatement and urged that the suit had been abandoned under LSA–Civil Code Article 3519. A formal motion to dismiss is now before the court.

The ultimate question to be decided is whether a federal court, having jurisdiction only because parties are diverse citizens, must apply a statute of the forum state declaring suit abandoned if no steps in prosecution thereof are taken for five (5) years.

Article 3519 of the LSA Civil Code reads in pertinent part as follows:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened. Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

This article is one of a series of articles supplementing Article 3536 of the Code which provides a one-year prescriptive period for tort actions in Louisiana. Article 3536 is not directly before the court, and whether or not the demands of the plaintiff and intervenor here may be reasserted in another suit in the face of the one-year prescription of Article 3536 must be decided if and when such a new action is commenced.

All that we are concerned with here is whether this suit must be dismissed for the failure of plaintiff and intervenor to prosecute same for a period in excess of the five-year period set down in Article 3519. Articles 3516, 3518 and 3519 of the LSA Civil Code and Article 3536, which is the prescription article itself, must be construed together. There is no question but that Article 3536 (the one-year prescriptive statute) is applicable in the federal courts, and we agree with counsel for defendant that all of these articles must be considered together. Paraphrasing all of these articles, we find the law of Louisiana to be that an action prescribes in one year [1] unless it is interrupted [2]. Suit is an interrup-

---

1. Article 3536, LSA Civil Code of Louisiana.

2. Article 3516, LSA Civil Code of Louisiana.

tion [3], but if a suit remains unprosecuted for five years, the interruption shall be considered as having never happened [4].

A simple reading of the cited codal articles leaves no doubt that Article 3519 is an integral part of the statute of limitations. In State v. United Dredging Co., 218 La. 744, 50 So.2d 826, 828, the Supreme Court of Louisiana declared that Article 3518 must be read in connection with 3519. The court declared:

"Article 3519 is contained in paragraph 5 of Section 2 of Chapter 3 of Title XXIII of the Civil Code which treats 'Of the Causes which interrupt Prescription'. Article 3518, providing that prescription is interrupted by citation of the possessor, has been superseded by Act No. 39 of 1932, LSA–R.S. 9:5801, which declares that the filing of a suit in a court of competent jurisdiction interrupts all prescriptions. This article, changed as aforesaid, must be read in connection with Article 3519 and is subject to the limitations contained therein."

It is true that in the above cited case Article 3519 is called a procedural statute. *Nevertheless, 3518 and 3519 are stated to be part of the general law of prescription.* Very pertinent and decisive is the following quotation from the Louisiana State Supreme Court's decision in Long v. Chailan, 196 La. 380, 199 So. 222, 227:

"According to article 3518 of the Civil Code the filing of the previous suits had the effect of interrupting the prescription which is pleaded in this suit. But, according to article 3519, as amended by Act No. 107 of 1898, the effect of the plaintiffs' allowing five years to elapse without taking any steps in the prosecution of their suits was to do away with the interruption of prescription—so completely that 'the interruption

shall be considered as having never happened.' "

Vigorously argued by plaintiff's counsel is the proposition that this Louisiana Civil Code Article is not applicable because its provisions are rules of procedure rather than rules of substantive law. Conceding, but not deciding this to be so, would not determine that the article is not applicable. Rules which lawyers and judges call procedural do more than regulate procedure. By its express terms and interpretations, this article is an integral part of the state statute of limitations (supra). The precise point was adjudicated in Guaranty Trust Co. of N. Y. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079. There the court said:

"It is therefore immaterial whether statutes of limitation are characterized either as 'substantive' or 'procedural' in State court opinions in any use of those terms unrelated to the specific issue before us. Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] was not an endeavor to formulate scientific legal terminology. It expressed a policy that touches vitally the proper distribution of judicial power between State and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result."

3. Article 3518, LSA Civil Code of Louisiana.

4. Article 3519, LSA Civil Code of Louisiana.

"The fact that under New York law a statute of limitations might be lengthened or shortened, that a security may be foreclosed though the debt be barred, that a barred debt may be used as a set-off, are all matters of local law properly to be respected by federal courts sitting in New York when their incidence comes into play there."

◼ The principles of the Guaranty Trust Company case, supra, were re-affirmed in three cases decided by the Supreme Court of the United States on June 20, 1949, namely, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524; and Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. Article 3519 can and must be applied in the federal courts in Louisiana. Its application is in full accord with the principle of these cited decisions of the United States Supreme Court (supra), and it cannot be disregarded by the federal court as a mere procedural device.

Plaintiff insists that Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., deals with the subject of dismissal for lack of prosecution in the federal courts and therefore the subject is recognized as procedural and the federal rule alone prevails. Rule 41(b) reads in pertinent part as follows:

"*For failure of the plaintiff to prosecute* or to comply with these rules or any order of court, *a defendant may move for dismissal* of an action or of any claim against him."· (Italics mine.)

◼ There is nothing in 41(b) to prohibit the application in the federal courts of the LSA Civil Code Article 3519. Counsel for plaintiff vigorously argues that if the court dismisses here on 3519, it will deprive itself of its power under 41(b) to dismiss any suit for failure to prosecute for a period of less than five years. *I cannot agree.* This court has the right in the exercise of its inherent power to keep its dockets clear to dismiss on its own motion for want of prosecution or provide by local rule for automatic dismissal of causes in which no action has been taken within a prescribed period. This, of course, is not an issue here.

◼ In the alternative plaintiff contends that if it should be held that this court is bound by Article 3519, the failure to prosecute for five years raises only a rebuttable presumption of plaintiff's intention to abandon and that plaintiff must be allowed to show that he did, in fact, never intend to abandon the suit.

The Supreme Court of Louisiana has held in no uncertain terms that:

"When a plaintiff permits five years to elapse without having taken affirmative action in the suit, *he is conclusively presumed to have abandoned it* and that no further proceedings can be had with reference to it other than to strike it from the docket." State v. United Dredging Co., 218 La. 744, 50 So.2d 826, 827. (Italics mine.)

In Zatarain v. Portera, La.App., 63 So.2d 477, a lower Louisiana court said that Article 3519 did not create an absolute presumption of the intention of a plaintiff to abandon, but there, both litigants were in military service and the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 501 et seq., governed. Even if we were to follow this dicta and ignore the decision of the Louisiana Supreme Court, the question would not be one of intention but would be *whether the plaintiff or intervenor were prevented from taking some affirmative action by circumstances beyond their control.* There is nothing to suggest that plaintiff and intervenor have been prevented from prosecuting this suit. The court here is assuming that there was no actual intention to abandon. In his brief, plaintiff says:

"While we appreciate Your Honor's willingness to assume as true plaintiff's statement that as a mat-

ter of fact he never intended to abandon this suit, we wonder what would be the situation on appeal in the absence of evidence supporting that fact or without some sort of stipulation between the parties in lieu of such evidence."

The motion to dismiss is sustained. This dismissal shall not operate as an adjudication upon the merits. Rule 41(b).

A motion for re-hearing will be granted if timely filed, for the purpose of permitting plaintiff and intervenor, or either of them, to put into the record any evidence to show that they were prevented from prosecuting this suit between 9–13–48 and 7–8–54 by circumstances beyond their control.

Thus Done And Signed in Chambers at Lake Charles, Louisiana, on this the 12th day of September, 1955.