50 So.2d 826

## STATE v. UNITED DREDGING CO.
### No. 40044.

Jan. 9, 1951.

Rehearing Denied Feb. 12, 1951.

C. Ellis Ott, of Bogalusa, special counsel for Collector of Revenue, Stephen B. Rodi, Lamar F. Miller, Robt. L. Roland, all of Baton Rouge, of counsel, for appellant.

Deutsch, Kerrigan & Stiles, of New Orleans, Robert E. Leake, Jr. of New Orleans, of counsel, for appellee.

McCALEB, Justice.

The State is appealing from a judgment dismissing its suit on the ground of abandonment in that it failed to take any steps in the prosecution thereof for a period of more than five years. The action was brought on December 30th 1940 under Section 7 of Act No. 25 of the Second Extra Session of 1935 to recover power taxes allegedly due by defendant for the years 1937, 1938, 1939 and 1940. Defendant filed its answer on August 20th 1940 and, from that time until April 29th 1949, nothing was done by the State to further the prosecution of the suit.

Article 3519 of the Civil Code, as amended by Act No. 107 of 1898, declares: "Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

It is the settled jurisprudence that the foregoing provision applies to all suits during their pendency in the district courts; that, when a plaintiff permits five years to elapse without having taken affirmative action in the suit, he is conclusively presumed to have abandoned it and that no further proceedings can be had with reference to it other than to strike it from the docket. Lockhart v. Lockhart, 113 La. 872, 37 So. 860; Teutonia Loan & Building Co. v. Connolly, 133 La. 401, 63 So. 63; Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865; Losch v. Greco, 173 La. 223, 136 So. 572; Succession of Bonnette, 188 La. 297, 176 So. 397; Long v. Chailan, 196 La. 380, 199 So. 222; Senseley v. First Nat. Life Ins. Co., 205 La. 61, 16 So.2d 906 and Evans v. Hamner, 209 La. 442, 24 So.2d 814.[1]

Counsel for the State, however, take the stand that Article 3519 and the jurisprudence thereunder is without relevance to cases in which the State is plaintiff. They proclaim that Article 3519 is, in truth, a law of prescription and that it cannot operate against the State in view of Section 16 of Article 19 of the Constitution that "Prescription shall not run against the State in any civil matter, unless otherwise provided in this Constitution or expressly by law". And counsel further say that,

whereas the State has waived its constitutional immunity respecting the running of prescription against it in the collection of taxes, other than real property taxes, by providing that they shall prescribe in three years from the 31st day of December in the year in which they are due, Section 19 of Article 19 of the Constitution, as amended by Act No. 35 of 1938, this is the only prescription to which the State is subject and that, since the running of that prescription was interrupted by the filing of this suit, the trial judge erred in holding that the prescription provided in Article 3519 of the Code was applicable.

Counsel for defendant take issue with the premise upon which the State's argument is founded—viz., that Article 3519 provides for a prescription. They assert that, on the contrary, Article 3519 is nothing more than a law of procedure which requires the dismissal of a civil suit after five years inaction on the part of a plaintiff. And it is pointed out that this court has consistently refused to entertain pleas of prescription in applying Article 3519, holding that it authorizes only a dismissal of the suit because of abandonment.

This argument is sound and fully sustained by the wealth of authority cited above. Article 3519 is contained in para-

---

1. Compare Geisenberger v. Cotton, 116 La. 651, 40 So. 929; Continental Supply Co. v. Fisher Oil Co., 156 La. 101, 100 So. 64 and King v. Illinois Central R. R., La.App., 143 So. 95, holding that the right to insist on a dismissal of a suit for lack of prosecution under Article 3519 of the Civil Code may be waived by affirmative action of defendant.

graph 5 of Section 2 of Chapter 3 of Title XXIII of the Civil Code which treats "Of the Causes Which Interrupt Prescription". Article 3518, providing that prescription is interrupted by citation of the possessor, has been superseded by Act No. 39 of 1932, LSA–RS 9:5801, which declares that the filing of a suit in a court of competent jurisdiction interrupts all prescriptions. This article, changed as aforesaid, must be read in connection with Article 3519 and is subject to the limitations contained therein.

The first paragraph of Article 3519 sets forth that, if the plaintiff abandons or discontinues his demand, the interruption produced by the filing of suit shall be considered as never having happened. The second paragraph, with which we are here concerned, was added to the Article by Act No. 107 of 1898 and stipulates that five years inaction by plaintiff shall be considered as an abandonment of his suit. This provision has been held to be a rule of practice on many occasions.

In Teutonia Loan & Building Co. v. Connolly, supra, the plaintiff, having sued on a promissory note secured by a vendor's lien and mortgage, failed to take any steps in the matter for over five years and its suit was dismissed under Article 3519. It contended, on appeal, that the case should not have been dismissed inasmuch as the mortgage upon which the suit was brought had not prescribed and that it could renew its suit immediately after the dismissal. The court, in affirming the judgment, held that the only question presented was "whether this suit has been abandoned by plaintiff or not; the question of prescription is not before us, and we make no ruling with reference to it." [133 La. 401, 63 So. 64.]

In Losch v. Greco, supra (a suit for damages for personal injuries), plaintiff permitted over five years to elapse without taking steps in the prosecution and defendant moved to dismiss on the ground of abandonment under Article 3519. The judge of the lower court overruled the motion on the theory that a plea of prescription of one year was in order since the failure to prosecute during the five year period had the effect of nullifying the interruption occasioned by the filing of suit. On application of defendant, this court granted an alternative writ of mandamus which was made peremptory and the judge was directed to dismiss the suit as abandoned. In resolving the question, we reviewed many of the pertinent authorities and concluded thus: "In other words, the abandonment which results as a legal consequence of a plaintiff's failure to take any action in his suit during a period of five years merely bars his right to continue with the prosecution of that suit. It does not prevent his bringing another suit for the same cause of action; but, if he brings another suit for the same cause of action, the question of whether his right of action is barred by prescription must be determined as if no suit had been theretofore brought". [173 La. 223, 136 So. 573.]

Accordingly, it is perceived that this court has consistently viewed Article 3519 of the Civil Code to be merely a rule of procedure necessitating a dismissal of an action, as abandoned, where the plaintiff has failed to take any steps in its prosecution for five years. Hence, the trial judge properly dismissed this suit—for the State, as a suitor, is subject to the general rules of pleading, practice and evidence which govern private litigants unless it is expressly exempted by statute. See 49 American Jurisprudence, Verbo "States, Territories, and Dependencies", Sections 83, 88 and 89 and State v. Taylor, 28 La.Ann. 460.

Under Section 19 of Article 19 of the Constitution, all taxes, except real property taxes, prescribe in three years from the last day of December in the year in which they are due. The Constitution does not provide the method by which the running of this prescription may be interrupted. Therefore, the State, in order to effect an interruption, was compelled to resort to the general law, Act No. 39 of 1932, by filing a suit in a court of competent jurisdiction. Oil Well Supply Co. v. Red Iron Drilling Co., 210 La. 222, 26 So.2d 726. By relying on the general law of procedure relative to the interruption of prescription, the State was bound by all other procedural statutes akin thereto and, albeit, was required under Article 3519 to take steps in the prosecution of the action within five years just as any private suitor. Even the sovereign cannot be permitted to

invoke the general law in its favor and at the same time assert that it is not bound thereby. United States v. Diamond Coal & Coke Co., 255 U.S. 323, 41 S.Ct. 335, 65 L. Ed. 660.

The judgment appealed from is affirmed.

PONDER and HAMITER, JJ., dissent.