DORÉ, Judge.
This suit and the suit of Commercial Union Fire Insurance Co. and George Le Blanc v. the same defendants, 60 So.2d 425, *422 were consolidated for trial, since they both arise out of a collision between a truck and sugar-cane trailer belonging to George Thibodaux and Dennis Thibodaux, defendants, and insured by the other defendant, Preferred Accident Insurance Company of New York, and, a truck owned by plaintiff George LeBlanc and a sugar-cane trailer belonging to plaintiff Leslie LeBlanc and being pulled at the time of the accident by the truck of George LeBlanc. The collision occurred at 3 :00 o’clock p. m. on October 23, 1948 on a clear, dry day. It is alleged by the plaintiffs that their truck and trailer unit was being driven to Labadieville, Louisiana in a careful manner and at a rate of speed of not more than 35 miles per hour on a main paved highway between Labadieville and Napoleonville; in other words, was being driven in an easterly direction on the aforesaid highway, which is Louisiana Highway No. 29. The Thibo-daux truck and trailer unit was being driven in a northerly direction on a gravel road which meets the main highway on the south side thereof, said side road being known as St. Thomas Road and also as the Little Texas Road. The plaintiffs allege, in their respective suits, that the Thibodaux truck entered the main highway without giving any signal or otherwise apprising the driver of the plaintiffs’ truck and trailer of his presence or intention to take the paved highway and suddenly drove upon the main highway without stopping when the truck of plaintiffs was only a few feet from it at a distance entirely too close to permit the driver of plaintiffs’ truck from avoiding colliding with the defendants’ truck, in spite of applying his brakes and doing everything else possible to avoid the collision ; that the collision and resulting damages to the LeBlanc truck and trailer was caused by the sole negligence of the defendants’ truck driver.
The defendants filed an answer admitting the collision at the time and place alleged but'denying that it was caused by any negligence on the part of their truck driver and, in the alternative, if negligence should be found on the part of their truck driver, they plead contributory negligence on the part of the truck driver of the plaintiffs in bar of recovery by them. After the note of evidence was taken the defendants filed exceptions on the grounds, (1) that the defendant, Preferred Accident Insurance Company of New York is in receivership and cannot stand in judgment, and (2) that the plaintiffs Leslie LeBlanc and George LeBlanc filed their respective suits individually, each on an individual cause of action, whereas their testimony reveals that they were doing business as a partnership at the time of the accident and that consequently the suit should have been filed on behalf of the partnership.
The trial judge thereupon rendered judgment in each case sustaining the exceptions for reasons orally assigned and consequently dismissed the suits of plaintiffs at their costs. The plaintiffs have appealed.
On appeal the only question before this court is whether or not the exceptions were properly sustained by the trial court. If Leslie LeBlanc and George LeBlanc were in truth and in fact a partnership, their individual suits were necessarily improper and the suit of the insurer of George LeBlanc, Commercial Union Fire Insurance Company, was also improper and subject to dismissal since the insurer, by its subro-gation, could not acquire a better right of action than its assured.
It seems clear therefore that the most important question involved in this litigation is the question of fact as to whether or not the two plaintiffs, George LeBlanc and Leslie LeBlanc, were operating under a partnership agreement, and the burden of proof to show that they were so operating rests upon -the defendants.
It is clearly shown by the evidence that during the sugar-cane season it was agreed by and between George LeBlanc and Leslie LeBlanc that Leslie LeBlanc would use the truck or tractor belonging to George LeBlanc and a trailer belonging to him, Leslie LeBlanc, for the purpose of hauling cane and that in consideration of said agreement Leslie LeBlanc would pay over to George LeBlanc one-half of the net profit derived from the hauling of cane by the unit consisting of the George LeBlanc truck or tractor and the Leslie LeBlanc *423 cane trailer. There is no showing whatsoever that George LeBlanc at any time parted with or even intended to part with the title to his truck and similarly there is no showing whatsoever that Leslie LeBlanc parted or intended to part with his individual title to his trailer. They merely agreed to use their respective truck and trailer for this joint venture on a fifty-fifty basis of the net profit to be derived therefrom.
 In addition to the above undisputed situation, the defendants contend that it was admitted by one or both of the LeBlancs that theirs was a partnership agreement, and particularly in the following testimony of Leslie LeBlanc on cross examination :
“Q. I believe you testified previously that this was a partnership arrangement? A. Yes, Sir.
“Q. In other words half of your profit was divided between you and * * *.? A. The truck owner.”
On the other hand, George LeBlanc testified as follows:
“Q. It was just as a rent for the 'truck that you were to get one-half of the profits? A. Yes, Sir.”
It is clear that the dispute involved is whether or not the agreement between the two LeBlancs was an agreement of partnership or a rental agreement. The mere fact that Leslie LeBlanc stated on cross-examination that it was a partnership agreement has little, if any, probative value, for the reason that he is a layman, uninformed as to what constitutes a partnership under the law. It is common knowledge that most laymen, whenever they have a profit sharing agreement with another, believe that they are partners; but such is not the law.
Article 2801 of the LSA-Civil Code defines partnership as, “Partnership is a synallagmatic and commutative contract made between two or more persons for the mutual participation in the profits which may accrue from property, credit, skill or industry, furnished in determined proportions by the parties.”
Article 2809 of the Code provides:
“Property, credit, skill and industry being the sources from which the profits of a partnership may be drawn, each of the partners may furnish either or all of these, in such proportions as they may mutually agree.”
Article 2805 of the Code provides:
“Partnerships must be created by the consent of the parties.”
In. the case at bar it is shown that the plaintiff George LeBlanc merely allowed plaintiff Leslie LeBlanc the use of his truck or tractor for the pulling of the latter’s cane trailer for which he was to receive one-half of the net proceeds derived from hauling cane and it is not shown that this rental of th'e truck was for any definite length of time and certainly not for any longer 'than the cane season. There is no showing that there was any agreement with reference to sharing losses in the event that the venture proved unsuccessful. As stated hereinbefore, it is obvious that the plaintiff George LeBlanc never attempted or intended to relinquish the title to his truck in favor of the partnership allegedly created by a verbal agreement. It is noted also that the ■ plaintiff George LeBlanc carried collision insurance on his truck in his individual name, and continued this insurance subsequent to his agreement with Leslie LeBlanc and after this accident collected insurance from his insurance carrier.
In the case of Sheridan v. Le Quire, La.App., 15 So.2d 118, 122, in discussing the question as to whether or not a contract creates a partnership, the court states:
“Our courts have been called upon on numerous occasions to construe contracts under which the issue that is here involved arose, and in no case perhaps has the matter been more fully discussed and thoroughly considered than in that of Chaffraix & Agar v. John B. Lafitte & Co., 30 La.Ann. 631. After a most illuminating discussion of the subject from the standpoint of both the majority and the minority opinions therein handed down, the decision *424 seems to have resulted in the following, somewhat simple proposition, as announced in the majority opinion: ‘The true, final, satisfactory, conclusive test is in the answer to the question: What was the real meaning and intention of the parties, as expressed in their contract, whether verbal or written ? If they intended to create a partnership, they will be treated as partners inter sese and with respect to third persons: If they did not intend to create that relation, but merely to divide the profits, or to share profits and losses, in a speculation or adventure, they will not be parties inter sese, nor will they be liable as such.”
In order to conclude that the verbal agreement between the plaintiff George LeBlanc and the plaintiff Leslie LeBlanc created a partnership between them, we would have to find in addition to the fact that each consented to the use of his individual property, to-wit, the truck of George LeBlanc and the trailer of Leslie LeBlanc, to which neither relinquished title or control, for the joint venture of hauling cane and the sharing of the profit therefrom on a fifty-fifty basis, that it was their intention thereby to become partners. The fact that George LeBlanc, a resident of New Orleans, turned over his track for the specific purpose of being used to haul cane, retaining his title and his collision insurance thereon individually, clearly indicates that he had no intention of forming a partnership with Leslie LaBlanc, his country cousin. Moreover, the fact that individual suits were filed by these two individuals again indicate that it was never their contention of forming a partnership.
The record contains no showing of any representations or dealings or conduct on the part of the two alleged partners which would indicate that they intended by their agreement to form a partnership. On the contrary, it seems obvious from the record that as far as third parties were concerned the operation was carried on by Leslie LeBlanc alone, in the same manner as he carried on operations of four other cane hauling units owned entirely by him. It is our conclusion that the preponderance of the evidence is to the effect that George LeBlanc and Leslie LeBlanc never intended •to form a partnership; at least, the defendants have failed to sustain the burden of proving that a partnership was formed between the two LeBlancs by the agreement herein discussed.
It is therefore our final conclusion that ¡the lower court improperly sustained the exceptions in so far as the defendants Dennis Thibodaux and George Thibodaux are concerned and that the case should therefore be remanded for a decision on the merits as to these two defendants.
We feel that the exceptions were properly sustained in so far as the defendant Preferred Insurance Company of New York is concerned for the reason that the said defendant is in receivership and cannot stand in judgment.
For these reasons assigned, it is ordered that the judgment is affirmed in so far as the defendant Preferred Accident Insurance Company of New York is concerned, and is reversed, annulled and set aside in so far as defendants Dennis Thibodaux and George Thibodaux are concerned and this suit is hereby remanded to the District Court for decision on the merits as to said defendants; the costs of this appeal to be paid by defendants George and Dennis Thibodaux, all other costs to await the final decision on the merits.