HAWTHORNE, Justice.
 

 This is a petitory action in which Israel Green seeks to be recognized ás the owner
 
 *406
 
 of an undivided
 
 V22
 
 interest in 420 acres of land in Caddo Parish and also to he recognized as the owner of a dwelling and other improvements placed on the land by him which he alleges have a value in excess of $5,000.
 

 In his petition plaintiff alleges that he inherited his interest in the land from his grandfather, Jenkins Small. The defendants Richard and Timothy Small admit in their answer that they are in possession of the property and that plaintiff inherited an undivided %2 interest in it from his grandfather as alleged. . They aver, however, that plaintiff no longer has an interest in the land because he was divested of his interest by a sheriff’s sale on July 5, 1950, made pursuant. to . a judgment rendered in a partition suit. In support of this latter contention defendants offered in evidence the entire record in the partition suit, and after Jrial on the merits there was judgment . rejecting plaintiff’s demands and dismissing his suit. He has appealed.
 

 The succession of Jenkins Small was opened in Caddo Parish, and his heirs were recognized and sent into possession by judgment of court. In those proceedings plaintiff was recognized as' an heir of the decedent, entitled to an undivided %2 interest in the property. Richard and Timothy Small and numerous other persons were also recognized as heirs of the decedent and entitled to certain interests in the property. After the succession proceedings, the defendants in the present case, Richard and Timothy Small, as co-owners instituted a partition suit
 
 [1]
 
 in which all of the other co-owners including Israel Green were made defendants. After trial of this partition suit the district judge rendered judgment holding that the property was not divisible in kind and ordering it sold at public sale to effect a partition by licitation. In due course the property was advertised for ■ sale and sold by the sheriff at public auction to Mrs. Pattie C. Thigpen, who subsequently sold the land to the defendants in the instant suit.
 

 The record discloses that Israel Green was actually residing on this property at the time it was seized and sold by the sheriff to effect-a-: partition, and that he permitted this sale to be made without any opposition on his - parti Notwithstanding this fact, Israel Green contends in the instant suit that the judgment rendered in the partition suit, pursuant to which the propery was sold, is a nullity for the following reasons:
 

 1. There was no legal pleading upon which the court could base its judgment —the petition contained no legal prayer.
 

 2. No inventory was made or ordered of the property to be1 partitioned. '
 

 3. Plaintiffs in the partition suit judicially admitted that the property to be partitioned was divisible in kind.
 

 
 *408
 
 4, Israel Green was not cited and served with all of the pleadings.
 

 5. The suit died for lack of prosecution.
 

 The trial judge in his reasons for judgment considered and passed upon each alleged defect upon which plaintiff relies for the nullity of the partition judgment, and we shall do likewise, concluding as he did that there is no merit in any of them.
 

 The first ground of attack on the partition judgment, that the petition contained no legal pleading or prayer, is without any basis whatever. The record discloses that the plaintiffs' in the partition proceedings filed' a supplemental petition on February 28, 1947, in which they prayed that all the defendant co-owners be served arid cited, that there be judgment recognizing all of them as co-owners in indivisión ■of the property, and that the court order a partition by licitation. Israel Green, who was a defendant in that suit, was personally cited and served with a copy of this petition. The trial judge in his reasons for judgment said that this petition “* * * was a complete petition for a partition within itself. The property was described, the heirship stated, and the allegation made that the property was not divisible in kind and must be sold to effect a partition. The plaintiffs then prayed that the property be sold to effect a partition by licitation
 

 The next ground, that there was no inventory made or ordered, is likewise frivolous. As held in Barbarich v. Meyer, 154 La. 325, 97 So. 459, where property is not divisible in kind and a partition is ordered by licitation, the taking of a formal inventory would be a useless and costly formality which the law does not require. See also authorities therein cited.
 

 We also find no validity in the third ground of attack, that plaintiffs in the partition suit judicially admitted that the property was divisible in kind. It is true that in one of their early pleadings they asked for a division of the land in kind. However, in the later amended petition in that suit they prayed for a partition by licitation, and the trial judge after trial of the case concluded that the land was not divisible in kind and ordered a partition of it by licitation. Whether land should be divided in kind or by licitation is a question of fact to be decided by the judge before whom the partition proceedings are tried.
 

 Plaintiff’s fourth ground of attack is that he was not served with all the pleadings. In support of this attack he ‘relies on the fact that the plaintiffs in the partition suit, during the years 1941-1945 while that suit was pending in the district court, filed in open court motions to make heirs of deceased defendants parties to the suit and a motion to amend the prayer of the petition, which was subsequently withdrawn,
 
 *410
 
 and that he as a defendant was not cited and served with copies of these motions. He does not contend that he was not cited and served with the original petition filed hy the plaintiffs or with all supplemental and amended petitions, and in fact Green was cited and personally served to appear and answer each of these petitions. Moreover, the record further shows that, after the last supplemental petition was filed and served upon him, he appeared on July 6, 1949, through an attorney, W. B. Massey,
 
 [2]
 
 and filed a stipulation recognizing the interests of various heirs in the property and on the same day also filed through his counsel a plea of prescription of 30 years as to the claim of other heirs. On January 6, 1950, after the lower court had rendered judgment ordering the property sold to effect a partition, Israel Green and two other defendants in that suit appeared through counsel, W. B. Massey, and filed a motion for a rehearing, which was overruled by the trial judge.
 

 Under these circumstances, even if plaintiff is correct in his argument that it was necessary to serve him with copies of the various motions filed in open court, we think his subsequent appearances for the purpose of filing the pleadings mentioned above was a waiver of his right, if he had any, to be served with these particular documents. Moreover, due to the nature of these motions we do not think that the failure to serve copies of them would constitute ground for the nullity of the partition judgment.
 

 Plaintiff’s last ground of attack is that the plaintiffs in the partition suit permitted five years to elapse without taking any steps in the prosecution of that suit, and that consequently the suit was abandoned under the provisions of Article 3519 of the Civil Code. The partition suit was filed on February 25, 1938, and final judgment was signed therein on January 12, 1950. It is plaintiff’s contention that from May, 1938, to February, 1947, plaintiffs in the partition suit took no affirmative action in the prosecution of the suit, nor was he served with any pleadings.
 

 The minutes of the partition suit are in the record, and these minutes show that at no time did the plaintiffs permit five years to elapse without taking some steps in the prosecution of the suit. Whether these steps were of a nature sufficient to keep the suit alive need not be decided here,
 
 [3]
 
 because defendant waived his right to claim such abandonment by appearing on July 6, 1949, through his attorney and filing a stipulation recognizing the Interests of various heirs in the property and also a plea of prescription" of 30 years. • More
 
 *412
 
 over, on January 6, 1950, after judgment had been rendered by the lower court, he again appeared through an attorney and filed a motion for a rehearing, which was overruled. Geisenberger v. Cotton, 116 La. 651, 40 So. 929; Continental Supply Co. v. Fisher Oil Co., 156 La. 101, 100 So. 64. See also State v. United Dredging Co., 218 La. 744, 50 So.2d 826; Doyle, The Abandonment of a Suit — Its Effect on Prescription, 22 Tul.L.Rev. 504, 511(1948). As stated by the Court of Appeal, Second Circuit, in Sandfield Oil & Gas Co., Inc., v. Paul, 7 So.2d 725, 732, “The jurisprudence is unanimous to the effect that defendant can by definite action on his part waive the abandonment * *
 

 In brief plaintiff argues that he can attack the judgment rendered in the partition suit collaterally without resorting to a direct action of nullity because the judgment in the partition suit is absolutely null for the above alleged defects which are patent on the face of the record in that suit. Although we have discussed at some length each defect of which he complains and find them to be without merit, we are of the further view that under the facts of this case he cannot attack the partition judgment collaterally. See Bayhi v. Bayhi, 35 La.Ann. 527. Moreover, under the facts of this case we are of the opinion that plaintiff could not successfully attack the partition judgment in a direct action of nullity. Article 612 of the Code of Practice provides that the nullity of a judgment rendered against a person without his having been cited, or by an incompetent judge, even if the formalities of the law have been observed, may be demanded at any time
 
 unless the defendant were present in the parish and yet suffered the judgment to he executed without opposing it.
 
 Carrere v. Aucoin, 127 La. 59, 53 So. 427, and cases there cited. See Wimbish v. Mayer, 144 La. 865, 81 So. 373. As we have previously pointed out, Israel Green was a defendant in the partition suit and was present in the parish at the time the property was seized and sold by the sheriff to effect a partition, and yet he permitted the sale to be made without any opposition on his part. In other words, he permitted the judgment rendered in the partition suit to be executed without opposing it.
 

 In this suit plaintiff also seeks to be decreed the owner of the buildings and other improvements which he alleges he placed upon the property. The record discloses that these improvements were made during the pendency of the partition suit and were on the land when the property was seized and sold at public auction by the sheriff to effect a partition pursuant to the judgment rendered in the partition suit. Plaintiff made no effort to have these improvements appraised or sold separately. The title to the improvements passed to the purchaser at the partition sale, Mrs. Pattie C. Thigpen, as these buildings and
 
 *414
 
 improvements were immovable by their nature and inseparable from the land. Plaintiff therefore has no claim in connection with these improvement's which we can recognize in these proceedings. Civil Code Article 464; Hearne v. Victoria Lumber Co., 131 La. 646, 60 So. 22; Polhman v. De Bouchel, 32 La.Ann. 1158.
 

 The judgment appealed from is affirmed, appellant to pay all costs.
 

 [1]
 

 . Richard Small et al. v. Neal Small et al., No. 73,785 on the docket of the First Judicial District Court, Caddo Parish.
 

 [2]
 

 . Plaintiff testified in the instaijt, pase, that he was not represented by counsel in the partition suit, but the récord shows the' contrary.
 

 [3]
 

 . See Augusta Sugar Co. v. Haley, 163 La. 814, 112 So. 731,