**88 So.2d 25**

**STATE ex rel. SHIELDS, Inc.**

v.

**SOUTHPORT PETROLEUM CORPORA-
TION OF DELAWARE.**

**No. 42392.**

**May 7, 1956.**

Edwards & Edwards, by Edwin W. Edwards, Crowley, for plaintiff-appellant.

Clay, Coleman & Dutrey, Elwood R. Clay, New Orleans, for appellee.

HAWTHORNE, Justice.

In this case we are called upon to review a judgment of the district court dismissing plaintiff's suit as abandoned under the provisions of Article 3519 of the Civil Code.[1]

---

3. See, however, Louisiana & A. Ry. Co. v. School Board of Webster Parish, 157 La. 1046, 1951, 103 So. 318.

1. Article 3519 of the Civil Code provides: "* * * Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

The appeal was originally lodged in the Court of Appeal for the Parish of Orleans, and that court transferred the case here because the amount in dispute exceeded $2,000. See 78 So.2d 201.

This case is a companion case to State ex rel. Shields v. Southport Petroleum Corporation of Delaware, decided by the Court of Appeal for the Parish of Orleans on February 28, 1955, also reported at 78 So.2d 201. The two cases present the same question for decision. In the case decided by it, the Court of Appeal reversed the judgment of the lower court dismissing plaintiff's suit and remanded the case to the district court for trial on the merits. We refused writs, stating: "Judgment of the Court of Appeal is correct as there is no error of law shown." See our No. 42,359.

In the instant case defendant alleged in its motion to dismiss filed in the trial court on September 18, 1952, that the plaintiff had not taken any steps in the prosecution of the suit between May 13, 1947, when a second supplemental and amended petition was filed, and June 10, 1952, when a motion to fix the case for trial was filed, and that accordingly plaintiff had allowed more than five years to elapse without having taken any steps in the prosecution of the case and without ever having obtained a final judgment in it.

Pursuant to plaintiff's motion of June 10, 1952, the case was fixed for trial on its merits for June 23, 1952. By consent of counsel, however, the trial was continued to September 15, 1952. On September 15, counsel for the defendant filed a motion stating that the case had been pending on the docket for 10 years, that the evidence and the witnesses of the defendant had become widely scattered and difficult to locate, that for the proper defense of the case it was necessary to bring from Texas voluminous records and numerous witnesses, that in order to produce this evidence and these witnesses defendant would incur great expense in costs, and that accordingly a bond for costs in the sum of $2,500 should be furnished by plaintiff. The court ordered plaintiff to show cause why it should not furnish security for costs as prayed for, and after trial the rule was made absolute, and plaintiff was ordered to furnish a $500 bond for costs within 20 days. Thereafter, on September 18, 1952, as we have already said, defendant filed the motion to dismiss on the ground that plaintiff had allowed more than five years to elapse without taking any steps in the prosecution of the suit.

The pleadings as we have set them out above show that the plaintiff allowed five years to elapse without taking any steps in the prosecution of the suit, and consequently the sole question presented by this appeal is whether defendant by filing its motion for a bond for costs and obtaining an order thereon waived its right to claim plaintiff's abandonment of the suit.

In State v. United Dredging Co., 218 La. 744, 50 So.2d 826, this court said that Article 3519, which provides that a suit shall be

considered abandoned if the plaintiff allows five years to elapse without taking any prosecutive steps, is a procedural law. The law being procedural and for the benefit of the defendant, its provisions may be waived by the defendant. In the recent case of Green v. Small, 227 La. 401, 79 So.2d 497, we held that the defendant waived his right to claim abandonment by appearing in court and filing a stipulation and a plea of prescription.

Appellee cites the case of State v. United Dredging Co., supra, in support of its argument that the judgment of the lower court dismissing plaintiff's suit was correct, relying on the following statement there: "It is the settled jurisprudence * * * that, when a plaintiff permits five years to elapse without having taken affirmative action in the suit, he is conclusively presumed to have abandoned it and that no further proceedings can be had with reference to it other than to strike it from the docket."

In the United Dredging Co. case the question to be decided was whether the provisions of Article 3519 were prescriptive in nature and therefore inapplicable to the State under the provisions of the Louisiana Constitution. The statement on which defendant relies was not necessary for a decision of that case, and the conclusive presumption of abandonment to which the court there referred was meant to apply only to the plaintiff. This is made perfectly evident by the fact that in that opinion the court recognized the well-established rule that a defendant may by his affirmative action waive abandonment, and cited cases so holding.

Since in the instant case plaintiff permitted five years to elapse without taking any action in the prosecution of its suit, defendant could have come into court and moved to have the suit dismissed under Article 3519 of the Civil Code. Instead of taking this step, however, defendant elected to seek and obtain an order for a bond to cover the cost of preparing for trial. Consequently we fully agree with the Court of Appeal in its statement in the companion case that "* * * when the defendant * * * filed a motion requesting that the court order plaintiff to post a bond for costs, it expressed a willingness to proceed with the trial and took an affirmative step in the prosecution thereof and thus waived its right to invoke the plea of abandonment * * *". See 78 So.2d 203.

The judgment appealed from is set aside, and the case is remanded to the district court for trial. All costs are to await final determination of the case.