HOOD, Judge.
This suit was originally instituted in 1949 as a monition proceeding, but by agreement it was later converted into a petitory action, with Ben T. Johnston as plaintiff and A. H. Nanney as defendant. It affects and relates to the following described property, located in Vernon Parish, Louisiana, to-wit:
SW14 of SWJ4 Section 6; SE(4 of NWJ4 and NE}4 of SWj4 Section 7, Tp. 2 North, Range 9 West.
No steps were taken in the prosecution of the suit for several years, so in 1960 defendant filed a motion to dismiss the suit on the ground that it had been abandoned, which motion was denied. The defendant thereupon filed exceptions of no right and no cause of action, exceptions of prescription or peremption based on several grounds, and a plea of estoppel or laches, all of which exceptions or pleas were referred to the merits. After trial of the case on its merits, judgment was rendered in favor of defendant decreeing him to be the lawful owner of the property and quieting his title thereto. Plaintiff has appealed from that judgment, and defendant has answered the appeal praying that the judgment be affirmed.
Shortly before the case was scheduled for hearing in this Court, defendant filed a motion to dismiss the appeal, and that motion was submitted at the time the case was argued on its merits.

On Motion to Dismiss

The record shows that May 14, 1962, was the last day upon which plaintiff could take a devolutive appeal (LSA-C.C.P. Art. 2087). The Office of the Clerk of Court closed at 5 :00 p. m. that day, as it customarily did on weekdays, and as authorized by LSA-R.S. 13:756. At 5:05 p. m. on that day, plaintiff obtained an order from the District Judge granting the appeal, and this order was presented to the Clerk of Court at his residence at 5 :45 p. m. the same day. The Clerk thereupon marked the order “Filed May 14, 1962, at 5 :45 o’clock P.M,” but he kept the order at his residence that night and did not take it to his office and formally deposit it with the record of this *271 suit until the following morning, May 15. An appeal bond in the proper amount and form had been filed with the Clerk earlier on May 14, before the order of appeal was signed.
Defendant argues that under these facts the order of appeal should not be considered as having been filed until May 15, 1962, which was after the time allowed for taking such an appeal had elapsed, and accordingly he contends that the appeal should be dismissed. It also is argued that the furnishing of an appeal bond on May 14, prior to the signing of the order, did not have the effect of perfecting the appeal at the time the bond was filed. We agree that the appeal was not perfected merely upon the filing of the appeal bond, no order granting an appeal having been issued at that time. We cannot agree with defendant, however, in his contention that the appeal was not taken until the following day. In our opinion, the filing of the order of appeal with the Clerk of Court at his residence during the late afternoon of May 14, 1962, after the Clerk’s office had closed, and the acceptance of the order and marking it filed by the Clerk at that time, constituted a filing of the order and the taking of the appeal on that day, even though the papers were not taken to the Clerk’s office and formally placed in the record of the suit until the next day. We conclude, therefore, that the appeal was perfected within the delays allowed by Article 2087 of the LSA-Code of Civil Procedure.
The appellant failed to file a brief in this Court within 25 calendar days after the filing of the transcript of appeal, as required by Section 7, Rule IX, of the Uniform Rules, Courts of Appeal (LSA-R.S., Vol. 8). A brief in his behalf was filed, however, after that 25-day period had elapsed, but before the date scheduled for the case to be heard in this Court. Defendant contends that the appellant’s failure to timely file a brief constitutes an abandonment of the appeal and, accordingly, that the appeal should be dismissed. The failure of counsel for appellant to timely file a brief deprives him of the right to oral argument of the case, but it does not entitle the appellee, as a matter of right, to have the appeal dismissed, and it does not prohibit us from considering the appellant’s tardy brief. In this case we think the appellant’s delay in filing a brief did not indicate an intent to abandon the appeal.
For these reasons the motion to dismiss the appeal is denied.