CHASEZ, Judge.
On February 27, 1953, Mrs. Shirley Burnett Tucker sued her husband, Marion Tucker, for divorce. In her petition she prayed, inter alia, that an inventory of the community property of the marriage be made and that there be a partition of said community property after due proceedings.
On June 23, 1953, the trial court rendered judgment granting the divorce and reserving to both spouses all rights to a community settlement.
The inventory of the community assets, taken on April 11, 1953, was filed on July 28, 1953, on which date plaintiff filed an opposition thereto. On September 1, 1953, the trial of this opposition was continued indef *666 initely and no further steps were taken to prosecute the opposition until May 10, 1956, when, on motion of plaintiff, it was set for trial on June 25, 1956. For reasons not reflected by the record, the opposition was not heard on that date and was never again set for trial; and the record discloses that no other prosecutive or defensive steps were taken by either plaintiff or defendant.
On September 13, 1961, plaintiff filed a suit to partition the community property. Defendant filed an exception and a plea of lis pendens which was upheld by the trial judge and plaintiff’s suit was dismissed. Plaintiff has appealed.
It will be noted from the foregoing sequence of steps in the matter of the opposition to the inventory that more than five years had elapsed from the last prosecutive step (the setting of the trial of the opposition for June 25, 1956) and the filing of the partition suit on September 13, 1961.
LSA-C.C.P. Article 561 provides:
“An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This pro-' vision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment. * * * ”
This article clearly states that the failure to take any prosecutive or defensive steps for a period of five years in the trial court shall constitute an abandonment of the action and this abandonment shall be self-operative without the necessity of a formal order by the court.
Prior to the adoption of the Code of Civil Procedure, the jurisprudence was to the effect that defendant could by definite action on his part, waive the abandonment but there was no action that plaintiff could take which could be construed as a waiver by defendant of the abandonment. State v. Southport Petroleum Corporation of Del., 230 La. 199, 88 So.2d 25; and Green v. Small, 227 La. 401, 79 So.2d 497. Furthermore, after the lapse of five years without prosecutive steps, the plaintiff was barred from continuing with the prosecution of the opposition. State v. United Dredging Co., 218 La. 744, 50 So.2d 826.
Under the present Code, there can be no waiver by the plaintiff or defendant after the five-year period of prosecutive or defensive inaction, because after the five years of inactivity have elapsed the action has no efficacy and neither party may proceed even though no formal order has been issued by the trial court dismissing the action. As there were no steps taken in this case either to prosecute or defend the opposition for over five years, Article 561 of the Code of Civil Procedure requires that this opposition be considered abandoned and ineffectual. The lower court was in error in dismissing plaintiff’s partition suit by maintaining the exception and the plea of lis pendens filed by defendant.
The abandonment by the plaintiff of her opposition to the inventory merely bars her right to continue with a prosecution of said opposition. It does not prevent her from bringing a partition suit, which she has done by her action filed in the district court on September 13, 1961. Evans v. Hamner, 209 La. 442, 24 So.2d 814, Losch v. Greco, 173 La. 223, 136 So. 572; and Sandfield Oil & Gas Co. v. Paul, La.App., 7 So.2d 725. Plaintiff cannot be deprived of her right to a new inventory as the original inventory was taken over eight years before her partition suit of September 1961. LSA-Civil Code Article 1325 requires that the inventory be made not exceeding one year previous to the suit for a partition.
For the reasons assigned the judgment appealed from is reversed, the exception and tíre plea of lis pendens is overruled, and the matter is remanded for further proceedings consistent with the views herein expressed and according to law. Costs of this appeal are assessed to appellee, all other costs to await the final determination of the cause.
■ Reversed and remanded.