162 So.2d 753 (1964)
Leslie LeBLANC
v.
Dennis THIBODAUX et al.
No. 6099.
Court of Appeal of Louisiana, First Circuit.
April 6, 1964.
*754 Risley C. Triche, Napoleonville, for appellants.
Miriam Attaya, Gonzales, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
This is a suit for damages arising out of a motor vehicle collision which occurred in the Parish of Assumption on October 23, 1948. From an adverse judgment of the trial court, defendants have appealed. In his brief before this court esteemed counsel for appellants suggests dismissal of plaintiff's action for alleged failure to prosecute as provided by LSA-C.C.P. Article 561. Appellants maintain the applicable article is self-operative and may be urged at any stage of the prosecution.
A clear understanding of the issue of reputed lack of prosecution necessitates narration in some detail of the chronology of this long pending litigation. Plaintiff instituted demand January 29, 1949. Trial on the merits was duly held following which defendant filed certain exceptions which were sustained by the trial court and judgment of dismissal entered rejecting plaintiff's demands on October 3, 1951. Plaintiff then perfected an appeal to this court which affirmed the judgment in favor of plaintiff as to some defendants but reversed as regards the present defendants-appellants, George and Dennis Thibodaux, and remanded this matter to the District Court for decision on the merits as to appellants. LeBlanc v. Thibodaux, La.App., 60 So.2d 421. (See also the companion case of Commercial Union Fire Ins. Co. v. Thibodaux, La.App., 60 So.2d 425).
Subsequent to the aforesaid remand to the trial court no action was taken in the prosecution of this litigation until January 29, 1962, when, on behalf of plaintiff, the following documents were filed:
(1) A letter of release from plaintiff's former counsel of record;
(2) A motion and order entering present counsel's name of record;
(3) A brief on behalf of plaintiff.
Thereafter on motion and order signed February 19, 1963 and filed February 25, 1963, the matter was submitted pursuant to *755 Rule XIII of the 23rd Judicial District Court. Said motion and order is to the following effect:

"MOTION AND ORDER
"On motion of Miriam Attaya, attorney for plaintiff Leslie LeBlanc, and on suggesting to the Court that:
"1Plaintiff's brief in this matter was filed on January 26, 1962, more than a year ago;
"2Defendant's attorney was requested in letters dated August 9, 1962, and November 1, 1962, to file his brief as soon as possible.
"3That Rule XIII of the rules of this Honorable Court provides that `If the counsel for defendant fails to file his brief within the delay allowed, after plaintiff's counsel shall give written notice to defense counsel, with copy of such notice to the presiding judge, the cause shall be submitted to the judge';
"4That plaintiff's counsel gave written notice to defense counsel on January 17, 1963, requesting that he file his brief within the next fifteen days, copies of said notice having been forwarded to the presiding judge and to the Clerk of Court;
"5That defense counsel has never filed a brief or made any reply to any of these requests; and
"6That the interests of justice require that this matter be submitted to the Court for a decision without further delay;
"IT IS ORDERED by the Court that this matter be deemed submitted to the Judge for a decision."
It is of considerable significance that prior to February 19, 1963, the date of the hereinabove quoted motion and order, this matter had never been submitted on its merits. In this regard the minutes of the trial court of date February 28, 1951, indicate that after trial of the case "briefs were ordered to be submitted after which the case will be taken under advisement." (Emphasis supplied by the Court.) Subsequently, on May 18, 1951, the exceptions were filed by defendants and after trial thereof on October 3, 1951, "Judgments were read, rendered and signed in open court, sustaining the exceptions and dismissing these suits at plaintiff's costs." No briefs were filed on plaintiff's behalf until February 25, 1963, as herein previously noted.
It necessarily follows that upon remand of this matter to the trial court the case remained in its prior status, that is, awaiting briefs of both counsel on the merits as required by the trial court's order shown by the minute entry of February 28, 1951. Obviously had the case been submitted on both the exceptions and the merits on October 3, 1951, it would have been unnecessary for this court to remand the matter for decision on the merits by the trial court. Under such circumstances this court would have had the entire matter before it and would have decided both the exceptions and the merits of the cause. As it happened, however, Judge Dore, speaking for this tribunal, statuted, "On appeal the only question before this court is whether or not the exceptions were properly sustained by the trial court."
The record reveals that between the date rehearing was denied by this court on September 3, 1952, until present counsel entered this case on January 29, 1962, and took affirmative steps in the prosecution of plaintiff's cause by filing a brief in plaintiff's behalf on said latter date, a period of more than nine years had elapsed.
Defendant's motion to dismiss for lack of prosecution is predicated upon the provisions of LSA-C.C.P. Article 561 which, with certain amendments and revisions, supercedes LSA-C.C. Article 3519 and reads as follows:
"Art. 561. Abandonment in trial and appellate court
"An action is abandoned when the parties fail to take any steps in its *756 prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.
"An appeal is abandoned when the parties fail to take any step in its prosecution of disposition for a period of five years; and the appellate court shall dismiss the appeal summarily."
Astute counsel for plaintiff contends the right of dismissal for abandonment provided for pursuant to LSA-C.C. 3519, as reenacted by LSA-C.C.P. Article 561 may be waived by a defendant and as authority for such position cites State ex rel. Shields v. Southport Petroleum Corporation, 230 La. 199, 88 So.2d 25; Green v. Small, 227 La. 401, 79 So.2d 497 and State v. United Dredging Co., 218 La. 744, 50 So.2d 826. Counsel for appellee further maintains the appeal taken by the present defendants June 18, 1963, from the adverse judgment on the merits constitutes waiver of the defense of lack of prosecution.
While the contention urged by esteemed counsel for plaintiff to the effect abandonment may be waived was unquestionably valid predicated upon the cited authorities, it appears the amendment and revision of LSA-C.C. Article 3519 by the adoption of LSA-C.C.P. Article 561, has effected a change which the judiciary cannot ignore.
It further appears our brothers of the Third and Fourth Circuits differ in their interpretation of LSA-C.C.P. Article 561 insofar as concerns the issue of waiver of the defense of lack of prosecution which the article establishes.
In Johnston v. Nanney, La.App., 147 So. 2d 268, our colleagues of the Third Circuit concluded the defense of lack of prosecution was subject to waiver as indicated by the following language appearing therein:
"Although Article 3519 of the Revised Civil Code (now Article 561 of the LSA-Code of Civil Procedure) provides that when the plaintiff shall allow five years to elapse without taking any steps in the prosecution of the suit, he shall be considered as having abandoned it, the jurisprudence has been established to the effect that when the defendant takes any action in the case inconsistent with an intention to have the demand treated as abandoned, he waives his right to have the abandonment decreed. State v. United Dredging Co., 218 La. 744, 50 So.2d 826, Green v. Small, 227 La. 401, 79 So. 2d 497, State ex rel. Shields v. Southport Petroleum Corporation of Delaware, 230 La. 199, 88 So.2d 25 and Wilson v. King, 233 La. 382, 96 So.2d 641. * * *"
Our brothers of the Fourth Circuit subsequently held in Tucker v. Tucker, La.App., 150 So.2d 665, that the provisions of the applicable codal authority are self-operative and "there can be no waiver by the plaintiff or defendant after the five-year period of prosecutive or defensive inaction, because after the five years of inactivity have elapsed the action has no efficacy and neither party may proceed even though no formal order has been issued by the trial court dismissing the action." (Emphasis by the court.)
After careful consideration of the issue presented and with due deference to our brothers of the Third Circuit, we deem the views expressed by our contemporaries of the Fourth Circuit in Tucker v. Tucker, supra, to be in conformity with the letter and spirit of the applicable article. We are of the opinion the issue is concluded by the Official Revision Comments appended to LSA-C.C.P. Article 561 in which we observe the following:
"(c) Prior to the decisions cited in Comment (a) hereof (holding that these provisions are self-operative and that no action need be taken by defendant to have the action dismissed upon its abandonment), two exceptions *757 were recognized to the presumption of abandonment through the plaintiff's failure to prosecute his demand for a period of five years. * * * The second was the rule that when the defendant takes any action in the case inconsistent with an intention to have the demand treated as abandoned, he waives his right to have the abandonment decreed. Geisenberger v. Cotton, 116 La. 651, 40 So. 929 (1906); Continental Supply Co. v. Fisher, 156 La. 101, 100 So. 64 (1924); King v. Illinois Cent. R. Co., 143 So. 95 (La.App. 1932). For a time there was considerable doubt as to whether these cases had not been overruled sub silentio by Evans v. Hamner, supra [La.App., 24 So.2d 164], holding that the abandonment operates automatically when plaintiff fails to take any step in the prosecution of the case for a period of five years; although subsequently an intermediate appellate court continued to recognize the first exception. Zatarain v. Portera, 63 So.2d 477 (La.App. 1953). Some time later, this doubt was dispelled by cases holding that, even though the code rule was self-operative and no further proceedings need be taken except to strike the case from the docket, this rule would not apply when the defendant had waived his right to treat the case as abandoned by taking any action inconsistent with such waiver. State v. United Dredging Co., 218 La. 744, 50 So.2d 826 (1951); Green v. Small, 227 La. 401, 79 So.2d 497 (1955); State ex rel. Shields v. Southport Petroleum Corporation of Del., 230 La. 199, 88 So.2d 25 (1956).
"With respect to the exception to the rule of abandonment based on the defendant's waiver thereof, the point is moot under the above article, as the problem is solved by its broadened language `when the parties fail to take any steps in its prosecution or defense' for a period of five years. * * *"
The last paragraph of the above quotation clearly expresses legislative intent to broaden the scope of the Article to the extent its effect cannot be waived. In holding to the contrary, we believe our brothers of the Third Circuit inadvertently overlooked the hereinabove cited language which expressly provides that neither the failure to prosecute nor the failure to defend may be waived.
Assuming, arguendo, as contended by plaintiff, defendants' taking of this present appeal amounts to a waiver of the asserted defense of lack of prosecution in that the former is inconsistent with the latter, such circumstance is unavailing to plaintiff. The alleged waiver occurred June 18, 1963, (the date defendants gave notice of the instant appeal), at which time LSA-C.C.P. Article 561 was in full force considering the effective date of said codal authority is shown to be January 1, 1961. We herein express no opinion regarding the possible retroactivity of the applicable article as a decision on said issue is unnecessary in the determination of the question presently before us. We deem it sufficient to state that quoad the present case the alleged waiver occurred subsequent to the effective date of the controlling provision which precludes waiver of the defense herein asserted by defendants.
Able counsel for plaintiff maintains there should be no dismissal herein because the case was under submission to the trial court consequently there were no further steps plaintiff could take in the prosecution of his action until a decision was forthcoming. In this regard counsel correctly maintains the jurisprudence is established to the effect that where a case has been submitted for decision the statute relating to abandonment of actions is inapplicable to either litigant. See Barton v. Burbank, 138 La. 997, 71 So. 134; Sanders v. Luke, La.App., 92 So.2d 156; Landry v. Dore, La.App., 149 So. 321; Washington v. Harvey, La.App., 124 So.2d 240. We further agree with counsel in the contention *758 that an additional exception to the applicable statutory rule exists in those instances wherein the inactive party can establish that his failure to prosecute results from circumstances beyond his control. Bell v. Staring, La.App., 170 So. 502; Zatarain v. Portera, La.App., 63 So.2d 477.
Unfortunately for plaintiff, however, the record discloses the instant matter was not submitted to the trial court for decision. Where by order of court the filing of briefs is made a prerequisite to submission of the case for decision, the filing of a brief constitutes a formal step in the prosecution of the suit and negates the conclusion of abandonment. Washington v. Harvey, La.App., 124 So.2d 240. And where the order of court as contained in the minutes indicates an intention that the case will be considered ipso facto submitted upon the filing of briefs, such filing constitutes submission of the case, following which the five-year period ceases to run. Gauthreaux v. Southern Six Drilling Co., La.App., 130 So.2d 759.
In the case at bar the minutes of the trial court show on their face that the filing of briefs was a prerequisite to submission of the matter for decision. Under such circumstances, until briefs were filed, the court had nothing before it. The resulting prolonged delay, therefore, is not attributable to the district court but rather to the litigants themselves, neither of whom filed a brief in compliance with the court's order. Under such circumstances the instant case does not fall within the exceptions announced in Barton v. Burbank, supra, Landry v. Dore, supra, and the other authorities cited and relied upon by counsel for plaintiff.
Finally, it is maintained plaintiff's present counsel was engaged after the five-year period had run and the circumstances encountered were beyond her control consequently upon equitable considerations plaintiff's action should not be considered abandoned. The obvious answer to this contention is that one may not revive an abandoned action by engaging the services of another and different attorney. To so hold would lead to patently absurd circumstances and totally defeat the meaning and intendment of the pertinent statutory provision.
Accordingly, it is ordered, adjudged and decreed the judgment of the trial court in favor of plaintiff, Leslie LeBlanc, and against defendants, Dennis Thibodaux and George Thibodaux, be and the same is hereby annulled, reversed and set aside.
It is further ordered, adjudged and decreed that there be judgment herein in favor of defendants, Dennis Thibodaux and George Thibodaux, and against plaintiff, Leslie LeBlanc, declaring said plaintiff's demand abandoned for lack of prosecution and dismissing and rejecting said plaintiff's demands herein with prejudice, costs to be paid by plaintiff.
Reversed and rendered.