SAVOY, Judge.
This is an action in tort.
The record reveals that on the night of September 2, 1962, Michael P. Schouest was driving his car in a southerly direction on State Highway 86 in the Parish of Iberia, State of Louisiana. He had as guest passengers, Lana Quebedeaux, now his wife, and his sister, Theresa Schouest, a minor. As the car approached the shed of one of the defendants, Mayo Romero, a horse either darted or crossed the highway in front of the Schouest vehicle, and a collision occurred between the Schouest vehicle and a horse owned by Romero, causing injuries to the occupants of the vehicle.
Following the accident, Michael P. Schouest, now deceased, Lana Quebedeaux, now Mrs. Lana Quebedeaux Schouest, and Ellis Rock Schouest, Sr., individually and as administrator of the estate of his minor child, Theresa Schouest, filed suit against Mayo Romero and his insurer, Marquette Casualty Company.
Both defendants denied any negligence on the part of Romero.
Prior to the trial in the instant case, the suit against Marquette Casualty Company was dismissed by the trial judge because of a judgment of court in the Nineteenth Judicial District in the suit entitled “Dudley A. Guglielmo, Commissioner of Insurance, State of Louisiana v. Marquette Casualty Company”, No. 104820 on the docket of said court, and the opinion of the First Circuit Court of Appeal in the case of Scott v. Baton Rouge Bus Company, (La.App., 1 Cir., 1960), 118 So.2d 486, that an insurance company, in rehabilitation (as is Marquette Casualty Company) cannot stand in judgment. No appeal was taken from this dismissal.
After a trial on the merits against Romero, the trial judge rendered judgment: in favor of plaintiff, Michael P. Schouest, and against Mayo Romero in the sum of $889.00 — $669.00 being special damages, and $200.00 for pain and suffering; in favor of Lana Quebedeaux and against Mayo Romero in the sum of $26.00 as special damages ; in favor of Ellis Rock Schouest, Sr., as administrator of the minor, Theresa Schouest, in the sum of $6.00.
From this judgment defendant perfected a devolutive appeal. However, counsel for *826 defendant lias made no appearance in this Court, nor has he filed a brief.
Appellee has answered the appeal asking for an increase in the awards of all plaintiffs. Appellee has also filed a motion to substitute Lana Quebedeaux Schouest for her husband, Michael P. Schouest, who died on June 19, 1965, for reasons not connected with the accident in the instant case.
 In his answer to the appeal, counsel for appellee states that the trial judge was in error in not awarding Michael P. Schouest $600.00 for loss of wages. He contends that because of the accident his client lost two months salary at $300.00 per month. The record reveals that at the time of the accident Michael was not employed. We agree with the trial judge that proof of loss of wages has not been sustained by plaintiff, Michael P. Schouest. Counsel also complains that the award of $200.00 to Michael was inadequate and should be increased to $1,000.00. Plaintiff, Michael, alleged he suffered injury to his back. While the trial judge did not assign written reasons for judgment, he undoubtedly felt that plaintiff had suffered little, if any, injury. Accordingly, we will not disturb the award.
Claims for pain and suffering were also made by Theresa Schouest and Lana Quebedeaux Schouest. As to Theresa Schouest, the examining physician’s reports shows that she did not suffer any injury, and we are in accord with the trial judge in rejecting her demands. As to Lana Quebe-deaux Schouest, the examining physician concluded that she sustained a mild contusion to the head with a possible mild concussion. The trial judge did not allow her any damages. While we believe that the injury sustained by Lana Quebedeaux Schouest is very mild, we think she is entitled to an award. We are of the opinion that the sum of $100.00 is adequate for any injury sustained by her' in the instant case.
For the reasons assigned the judgment of the district court is amended by increasing the award to plaintiff, Lana Quebedeaux Schouest from the sum of $26.00 to the sum* of $126.00, together 'with interest at the rate of five per cent per annum from the date of' judicial demand until paid; and by substituting Lana Quebedeaux Schouest for her deceased husband, Michael P. Schouest. As amended the judgment is affirmed at appellant’s costs.
Amended and affirmed.