(83 South. 315)

No. 22297.

PURITAN CO. v. CLARKSON et al.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

TAXATION ☞805(3)—SALE FOR TAXES OF PUBLIC LANDS A NULLITY, NOT PROTECTED BY PRESCRIPTION.

A sale, purporting to be a sale for taxes, of lands belonging to the public domain of the state, and therefore not subject to assessment for taxes, is an absolute nullity, not protected by the provisions of Const. art. 233, establishing the three-year prescriptive period.

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Action by the Puritan Company against J. P. Clarkson and others. From a judgment for plaintiff, defendant Clarkson appeals. Affirmed.

Stephens & Raphiel, of Coushatta, and Foster, Looney & Wilkinson, of Shreveport, for appellant.

Thos. W. Nettles, of Coushatta, and Leon O'Quin, of Shreveport, for appellee.

O'NIELL, J. This is an action to test title to a tract of land, described as the N. E. ¼ of S. E. ¼ of section 22, township 12 N., range 8 W., containing 40 acres, in Red River parish. It was unimproved woodland, which had not been actually occupied by any one when the suit was tried.

Plaintiff holds title, through mesne conveyances, from W. H. Howcott, who acquired title from the state by patent No. 6159, dated the 7th of November, 1898. The defendant Clarkson claims title by virtue of a sale made to him by the tax collector of Red River parish, of date the 24th of May, 1887, for taxes of 1886, assessed in the name of Pierson & Hull. The other defendants, namely, the Wren-Wilson Oil Company, Mrs. S. D. McGoldrick, and the firm of Tubbs & Giles, hold mineral leases from Clarkson.

Pierson & Hull, to whom the land was assessed in 1887 for the taxes of 1886, had no title to it. It was then, and remained until Howcott obtained his patent, a part of the public land of the state, not subject to taxation. The supposition is that the assessment to Pierson & Hull in 1887 was a clerical error, because they owned a 40-acre tract of similar subdivision in section 20, in the same township.

Judgment was rendered in favor of the plaintiff, recognizing its title to the land and annulling the mineral leases granted by Clarkson to the other defendants. The defendant, Clarkson, has appealed.

Appellant relies upon a plea of prescription of three years, under article 233 of the Constitution. It has been decided that a sale, purporting to be a sale for taxes, of lands belonging to the public domain, and therefore not subject to assessment for taxes, is an absolute nullity, not protected by the provisions of article 233 of the Constitution. See Richard v. Perrodin, 116 La. 440, 40 South. 789. The reason for the ruling in that case, where the land belonged to the United States government, is applicable here, where the land belonged to the state; that is, that the property was not subject to assessment for taxes.

Defendants also pleaded the prescription of 10 years; but the plea cannot be maintained because the citation in this suit was served within 10 years after defendant undertook actual possession of the land. The taking of possession consisted in having a surveyor run the lines, and of posting signs upon the land, warning trespassers to keep off. There is no occasion for deciding whether such taking of possession would have become effective if the owner of the land had allowed the 10 years to elapse before bringing suit.

The judgment appealed from is affirmed, at appellant's cost.