By act before Robert Legier, Notary Public, on May 4, 1934, there was adjudicated to the City of New Orleans, for city taxes due for the year 1930, the following described property:
"Four certain lots of ground and improvements thereon, situated in the Third District of the City of New Orleans, designated as Lots 16 to 19, in Square No. 2, bounded by L. 
N. R. R., Louisa, Piety and Hiawatha Streets and measure various feet front on L. N. R. R. by various feet in depth.
"Four certain lots of ground and improvements thereon, situated in the Third District of the City of New Orleans, designated as Lots No. 20 to 23 in Square No. 2, bounded by L. N. R. R., Louisa, Piety and Hiawatha Streets, and measure each 20 feet front on Louisa Street by various feet in depth."
This deed was registered on May 4, 1934, in C. O. B. 480, at Folio 43.
More than ten years later, under authority of Act No. 112 of 1938, the said property was duly advertised for sale and, on November 25, 1944, was adjudicated to the present defendant, Miss Leona Meteye.
Legal tender of title was made to the said purchaser, but she has refused to accept it and this suit was brought to compel her to take title and to pay the purchase price.
Walter Scott Yancy was the owner of record of the said property at the time of its adjudication to the City of New Orleans in 1934.
Defendant's refusal to accept title is based on the following admitted facts. We quote from the agreed stipulation of facts:
"That the City of New Orleans is unable to show, or prove, that notice of the tax sale for the unpaid City Taxes for 1930 was ever served upon Walter Scott Yancy, for the reason that the records, including the return on the notice, are not now in the possession of the Treasury Division of the City of New Orleans, same having been lost, mislaid or destroyed, and therefore, presently unavailable.
* * * * *
"That the City of New Orelans has never filed suit to confirm its title against Walter Scott Yancy, the tax debtor or delinquent, after personal citation upon the said Walter Scott Yancy, or any other owners of the said property; that said Walter Scott Yancy is the last registered purchaser of the said property, as appears from the registration of an Act under private signature from the Blythe Corporation, acknowledged August 7, 1924, before P.H. Stern, Notary Public, registered C. O. B. 384, Folio 29, on August 15, 1924."
On behalf of the City of New Orleans it is contended that in spite of the fact that there is nothing to show that notice of the tax sale was served upon Yancy, and in spite of the further fact that the city has never filed suit against the said Yancy to confirm its title, nevertheless, its title has been perfected by the fact that more than five years have elapsed between the date of registration of the tax deed on May 4, 1934, and the commencement of the advertisement of the sale at which Miss Meteye was the purchaser.
This contention is founded on Section 11 of Article 10 of the Constitution of 1921, as amended, Act No. 147 of 1932, which, so far as is relevant here, reads as follows: "No sale of property for taxes shall be set aside for any cause except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * * within five years from the date of the recordation of the tax deed * * *."
In Westover Realty Co. v. State, 208 La. 163, 23 So.2d 33, 35, the Supreme Court considered the very question which is presented here, that is, whether the peremption provided in the Constitution, as amended, cures the defects of which the defendant here complains and in that case the Court held that the said peremption cures all of the defects unless the person, who was the owner of the property at the time of the tax sale, remained in possession of it. The Court said: "The peremption established by Section 11 of Article 10 of the Constitution of 1921, as amended by Act 147 of 1932, does not accrue when the owner at the time of the tax sale remains in possession of the property. His continuing in possession, notwithstanding the *Page 82 
sale, operates as a continuous protest against the sale. It was so held by this Court in construing similar provisions in Articles 233 of the Constitutions of 1898 and 1913, and the ruling is equally applicable to the provision contained in the present Constitution. But the possession must be a corporeal possession and not a mere civil possession flowing from the title deed or a constructive possession following the termination of a corporeal possession. Levenberg v. Shanks,165 La. 419, 115 So. 641."
It is obvious then that if Yancy, the owner at the time of the tax sale, remained in actual corporeal possession the city's title was not perfected although for more than five years following the registration of the tax deed no suit to set aside the tax sale was filed.
And there is nothing in the record from which we can conclude that Yancy did not remain in actual corporeal possession.
We have given thought to the question of where rests the burden of proof to establish whether Yancy remained in possession, and we reach the conclusion that that burden rests upon the City of New Orleans. We so conclude in spite of the fact that in Westover Realty Co. v. State, supra, the Supreme Court found that the burden of proving that the former owner had remained in possession rested upon the former owner. But there, it was the former owner himself, or rather the successor in title of the former owner, the Westover Realty Company, which was the plaintiff and which was attempting to annul a sale which had been made by the State to a third party. The cause of action of the successor in title of the former owner was based on the allegation that the former owner had remained in possession. The burden of proof was on the plaintiff to prove that fact.
Here, however, the situation is reversed. The city contends that its title is perfect, as it must be if it is to be permitted to force the defendant to accept that title. Its title is not perfect if the former owner remained in possession of the property, for the Supreme Court said that the peremption provided by the Constitution, as amended, is not absolute, but is conditional, the condition being that the former owner must not have remained in possession. If the city is to rely on the peremption it must eliminate that condition and must prove that the former owner did not remain in possession.
Furthermore, as between the city which has had title for ten years and the purchaser, who has never had title, the city is or ought to be in better position to prove the true facts concerning the possession.
For these reasons, since the city finds it necessary to rely upon the peremption, it is under the legal necessity of proving all facts which are necessary to make the peremption applicable. The city could have avoided such a contingency by serving notice of the tax sale upon the former owner, or by bringing suit to perfect its title. It has done neither.
We think, however, that the suit should not be dismissed since it may be that the necessary proof can be made. In order to afford an opportunity to obtain and offer that proof the matter will be remanded to the Civil District Court for such proof as may be available to either party.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and that the matter be and it is now remanded to the Civil District Court for the Parish of Orleans for further proceedings consistent with the views herein expressed, the City of New Orleans to pay costs of this appeal; other costs to await final disposition of the matter.
Reversed and remanded.