.'.HARDY, Judge. '
This is an action in jactitation instituted by I. J. Allen and the heirs of W. D; Jeffress in which said plaintiffs complained that their title to a 40 acre tract of land described as being the Southeast Quarter of Southeast Quarter of Section 9, Township’ 14 North, Range 2 West of Jackson Parish, Louisiana, was being slandered by defendants, Roy D. Morgan and M. R. Smith, claiming title to the said property under a recorded tax deed.
Numerous exceptions and pleas filed by the parties -yvere overruled, and defendants then filed a plea of prescription of five years under Section.il of Article X of the Constitution, LSA, which was referred to the merits. After filing of answer by defendants, in which they again pleaded the five-year prescription under the- Constitution, the matter was tried on the merits and there was judgment in favor of defendants rejecting plaintiffs demands and recognizing the defendants as owners of the property described, from which judgment plaintiffs have prosecuted this appeal.
Despite the voluminous record containing numerous documentary exhibits, the facts involved in the case are relatively simple. The property in question originally was owned by W. D. Jeffress and he never divested himself of title thereto. Notwithstanding this fact the 40 acres in question was erroneously assessed for the years 1941, 1942 and 1943 in the name of one G. M. Womack and under such assessment was sold at sheriff’s sale for the unpaid faxes for the year 1942, and deed of conveyance was executed by the Sheriff and .Ex-officio Tax Collector in and for Jackson Parish, Louisiana, tó these defendants, R. B. Morgan and M. R. Smith, on date of August 2, 1943, which .deed was duly recorded in Conveyance Book 59 at page 404 of the records of the said parish. It is under the conveyance evidenced by this deed that defendants claim title.
It is contended by plaintiffs and conceded by defendants that the tax sale in question was not made in compliance with the formalities required by law, particularly in *204 that it was erroneously assessed to G. M. Womack instead of Jeffress, who was the true ownérs atnd:,further-that notice' of the delinquent taxes was not given -in accordance with law.
Despite these informalities defendants urge that, they are entitled to be confirmed as owners of the property in question under the provisions, of Section 11 of Article ,X of the Constitution of 1921 as amended, which reads as follows:, ■
"No sale of property for taxes shall he set aside for any caus.e„ except on proof of payment of the taxes for which -the- property was sold prior to the date of - the sale, unless the proceeding to annul -is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption-shall-have expired and within five years from the date of the recordation .of the tax deed, if no notice is ■ given.- ■ The- fact that taxes were •paid on a part of the property sold, pri- or to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the sale as to any part thereof on which the taxes for which it was sold were due and unpaid, provided that the provisions hereof shall not affect any pending suit, nor any suit which' may be brought within a period of twelve months from the date of the adoption of this Constitution, in which any tax sale is sought to be annulled for any of said causes.” (Emphasis by the court.)
The provision above emphasized is applicable to the instant case, for -the" tax deed as above' set forth' was dúly recorded on September -‘ 22, 1943, and this action was instituted on March 9, 1953. • Under these facts there can be ho question’ as to the accrual of the peremptive period of five years'as fixed by the Constitution.
However, plaintiffs invoke the judicially pronounced modification of the constitutional article to the effect that the five-year peremptive period is suspended by the continued possession of the property by plaintiffs, and it is the determination of this issue which must decide the instant case.
As factual evidence in support of their contended possession plaintiffs urge that in January, 1943 Jeffress sold all of the merchantable timber on' a tract comprising 240. acres of land, which included the property here involved, to one W. J. Gordon; that Gordon’s cutting operations of pine,timber consumed a period of approximately one year; that the cutting of the hardwood which had been sold by Gordon to Greer Bros, extended over an . additional period of some months in the year 1944; that following these logging operations the cut-over land was not susceptible to any other evidences of possession.
Counsel for defendants, admitting the well defined jurisprudence of the state establishing the .rule- that the constitutionally provided .period of peremption is sus^ pended by the continuance of possession, contend that the evidences of possession relied upon by plaintiffs do not conform to that nature of possession which is required under the judicial holding of the courts of this state.
As we view the matter, the above observations present the issue and the opposing contentions of the parties to this litigation.
In our opinion the determination of the question presented must be resolved on the basis of the judicial construction of the character and nature of possession which is required in order to suspend the operation and application of the five-year peremptive period. This definition and . construction Has been set forth in a number of cases, from which we have chosen those which in our opinion ' most clearly enunciate the measure and standard of possession which is applicable.
One of the leading cases bearing upon the point here at issue, and one which has been often cited by our courts, is that of Levenberg v. Shanks, 165 La. 419, 115 So. 641, 642. After asserting that the period of constitutional peremption bars “every defense urged against the quieting of the tax title, save that of prior payment of the *205 taxes for which the property was sold”, the court enunciated the additional exception which, as we have above observed, has been established by judicial interpretation, that the peremption does not accrue “when the owner, at the time of the tax sale, remains in possession of the property.” This continuance of possession, despite a tax sale, was designated by the court as being “a continuous protest against the sale.” In defining the character of possession necessary to establish such an exception the court declared: , '
“No other possession than actual corporeal possession is sufficient to operate as a continuing protest against the tax title, and thereby prevent the peremption from accruing.”
To the same effect is the holding of the Supreme Court in Board of Commissioners for Atchafalya Basin Levee District v. Sperling, 205 La. 494, 17 So.2d 720, which case 'is also authority for the proposition that the burden of showing actual corporeal possession operating as a continuing protest against a tax title rests upon the parties asserting.-such possession.
Other more or less recent cases dealing with this proposition are Kuhn v. Sandefur, La.App., 28 So.2d 515; Westover Realty Co., Inc., v. State, 208 La. 163, 23 So.2d 33; City of New Orleans v. Meteye, La.App., 24 So.2d 80; and Scheller v. Goode, La.App., 69 So.2d 96.
The above cases represent only a few culled from a wealth of authority which in our opinion has clearly established the rule that the only character of possession which serves to suspend the five-year period of peremption is an actual, physical, active, open and continuing exercise of such right. This nature of possession has not been established by plaintiffs in the instant casé. The sale of timber was made prior to the tax adjudication and the exercise of rights acquired by the timber purchasers at a subsequent date could not he considered as an evidence of possession in and by plaintiffs. -And even if this were not so, the record conclusively establishes' the complete absence of any continuing acts ■of possession on'the part of plaintiffs'of the nature above prescribed, either directly or indirectly. ... ...
While we think the above.conclusion disposes of the real issue, in deference to learned counsel for plaintiffs, we note the contentions that the tax sale in question was a nullity by reason of the fact .that the assessment for which the property was adjudicated was made in the name of one who was not the owner thereof and no notice of assessment was given. These identical objections have- been disposed in some' of the cased cited supra, namely, Board of Commissioners, etc., v. Sperling, Scheller v. Goode, City of New Orleans v. Meteye, and Kuhn v. Sandefur.
In brief, despite all informalities which might otherwise be considered causes for nullity of tax sales, the only two which can defeat the effect of the five-year period of peremption are proof of payment of tax- ' es or evidence of a continuing corporeal possession. Neither of these elements has been established in the instant case and it follows that the plea of prescription of five years under the specific provision of’ Section 11 of Article X of the Constitution, which plea was tendered on behalf of these defendants, should have been sustained. We say “should have been” for we do not know the ground upon which the district judge predicated his judgment.
For the reasons- assigned the judgment appealed from is affirmed at appellants’ cost, and
It is ordered, adjudged and decreed that there'be .judgment herein- in favor Of defendants,. Roy D. Morgan, and .M. R. Smith, rejecting the demands of plaintiffs, .and further decreeing that said named defendants' be and they -ate recognized as the true and. lawful owners in indivisión of- that certain tract of land situated in Jackson Parish, Louisiana, and particularly described as . being:
SE14 of SEÍ4 of Section 9, Township 14 North, Range 2 West;
*206 and as such entitled to the full and undisturbed possession of said property.
It is further ordered that the fee of the curator ad hoc, as fixed by the judgment of the district court, be and it is approved.