ELLIS, Judge.
In this petitory action the plaintiff Mrs. Olive Baker Thomas, seeks to be recognized as the owner of a certain tract of real estate.
The defendant filed pleas of 10-years’ prescription and equitable estoppel which, through agreement of counsel, were referred to the merits. Exceptions of no cause or right of action and a plea of prescription and/or preemption were also filed and, upon hearing,- were sustained by the trial court, which dismissed the suit. The plaintiff has perfected a devolutive appeal.
According to the petition the plaintiff claims title to the tract in question as the *300 sole and only heir of H. L. Baker and his wife, Jessie Baldwin; H. L. Baker acquired the land through an act of sale from John Deblieux dated September 1, 1917 and recorded September 15, 1917; the property was adjudicated to the State of Louisiana for non-payment of 1917 taxes under an assessment in the name of John Deblieux through deed dated June 22, 1918 and recorded July 22, 1918, which was filed in the State Land Office on July 30, 1918; while title was still in the State of Louisiana the property was sold at tax sale for non-payment of 1924 taxes on June 24, 1925 in the name of H. L. Baker, et al. to Arthur Neal Smith and the deed recorded on June 27, 1925; Arthur Neal Smith, through deed dated December 9, 1929 and recorded January 14, 1930, sold the property to the defendant herein, Bomer-Blanks Lumber Co., Inc. The petition further shows a certificate of redemption was issued by the State of Louisiana, for the tax sale made in 1918, upon December 20, 1938, said redemption having been made in the name of John Deblieux.
The plaintiff maintains the sale to Arthur Neal Smith in 1925 was a nullity since there had been a prior adjudication to the State; also the subsequent sale by Arthur Neal Smith to the defendant herein is likewise a* nullity.
Both the exceptions of no cause or right of action and the plea of prescription and/or preemption, are based upon the proposition that according to the Louisiana Constitution the tax sale to Arthur Neal Smith in 1925 is protected by the 5-year preemptive period provided for in Article 10, Section 11 of the LSA-Constitution of the State of Louisiana.
The pertinent paragraph of Article 10, Section 11, reads:
“ * * * No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. The fact that taxes were paid on a part of the property sold, prior to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the-sale as to any part thereof on which the taxes for which it was sold were due and unpaid, provided that the provisions hereof shall not affect any pending suit, nor any suit which may be brought within a period of twelve months from the date of the adoption of this Constitution, in which any tax sale is sought to be annulled for any of said causes.
* * * >9
Under the provisions of this Article the defendant’s position is that the preemptive period provided has already elapsed and that plaintiff cannot now attack the tax sale through which Arthur Neal Smith acquired the property in question in 1925. (Prior to 1932 the preemptive period was three years. Through Act No. 147 of 1932 this period was made five years.) Further, that under our jurisprudence only the proof of prior payment of taxes or corporeal possession of the property would constitute exceptions operating as a bar to the running of the preemptive period, and since the plaintiff has alleged in her petition neither of these exceptions, the preemptive period is operative.
The plaintiff’s contention that the 1925 tax sale to Arthur Neal Smith is an absolute nullity is founded upon well-established jurisprudence to the effect that where property has once been adjudicated to the State and not redeemed within the time and in the manner provided by law, the taxing officials of the State are without power to assess and sell the real estate as belonging to the former owner or any other person, and that therefore the tax sale *301 in 1925 for the non-payment of 1924 taxes was absolutely null.
In Board of Com’rs v. Concordia Land & Timber Co., 141 La. 247, 74 So. 921, we find in the syllabus, which was quoted in Guidry v. Sigler, La.App., 20 So.2d 631:
“Where property is adjudicated to the state for delinquent taxes thereon, the legal title passes to the state, subject to the right of redemption within one year (now three years) from the date of the registry of the tax sale; and, if such right is not seasonably exercised, the title to the state becomes absolute. Where property has been adjudicated to the state, and not redeemed in time and manner provided by the statute, the taxing officers of the state are without power to assess and sell said property as belonging to the former owner or any other person.”
Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225 is to the same effect. Therein, at page 235 of 35 So.2d, the Supreme Court, which denied a rehearing, .stated:
“With these facts before us, it is patent that the tax sale of 1921 is void as it is well established that, where property has been adjudicated to the State and not redeemed in time and manner provided by statute, the taxing officers of the State are without power to assess and sell the property as belonging to the former owner or any other person. See Board of Commissioners v. Concordia Land & Timber Co., 141 La. 247, 74 So. 921.”
The cases cited and relied upon by defendant to sustain its plea of prescription and/or preemption are not apposite as clearly shown by the doctrine and holding announced in the cases cited and relied upon by this court as a basis for the reversal of the judgment of the lower court and judgment overruling the plea of preemption filed on behalf of defendants.
In the present case, considering the jurisprudence hereinabove cited, we have no course but to order the judgment herein appealed from be reversed and set aside, the exception of no cause or right of action and the plea of prescription and/or preemption, be overruled and the case remanded to the district court to be proceeded with according to law, the defendant to pay the cost of this appeal, and all other costs to await the final determination of the case.