GLADNEY, Judge.
This suit by the Board of Commissioners Caddo Levee District seeks to have declared null and void a certain tax deed recorded June 25, 1956 in Conveyance Book 728, Page 525 of the Records of Caddo Parish, Louisiana, declaring that by virtue of a tax sale on June 13, 1956 Virgil Brooks became the purchaser of
22.12 acres more or less, all that part of Govt. Lot 2 lying in E/2 of SE/4 of Sec. 17 (20-16) (C-1696/6) Caddo Parish, La.
The material facts necessary for adjudication are stipulated. From a judgment decreeing petitioner to be the owner of the property in question, the defendant Virgil Brooks has appealed.
The Board of Commissioners by deed recorded July 6, 1901 acquired the property in question from the State of Louisiana by Act 74 of 1892, as amended, through which the State donated certain of its lands to the Board for the purpose of establishing a levee system within the District. The statute expressly provided that such lands be exempt from taxes after being conveyed to and while they remained in the possession or under the control of said Board. The ownership of the property by the Board was not questioned after its acquisition until the year 1955 when the property here in question was placed on the assessment rolls in the name of William J. Wilson by the Caddo Parish Tax Assessor’s office. The taxes as assessed were not paid for that year resulting in the aformentioned tax sale to Virgil Brooks following which the property was annually assessed to him and taxes regularly paid. The Board of Commissioners asserts that by virtue of the provisions of Act 74 of 1892 (LSA-R.S. 38:872), the land so conveyed was and is exempt from taxation and the assessment of its property for taxes for the year 1955 was null and void. The defendant pleads the prescription of three years and five years as provided by LSA-Const. Art. 10, Sec. 11.
The issue, therefore, is whether the tax sale of public property in this instance is valid and may sustain defendant’s pleas of prescription. In support of the defense, it is earnestly argued that the provisions of the Constitution prohibit the setting aside of a sale of the property for taxes except on proof of prior payment of taxes. A jurisprudential rule likewise permits the annulment of a tax sale where a tax debtor has remained in physical possession of the property subsequent to the sale. Declaring these two exceptions alone can accord the tax debtor relief, appellant contends petitioner is without remedy herein. This postulation, however, overlooks an unbroken line of jurisprudence which holds *516 that a tax sale of land belonging to the public domain, that is to say public property, and therefore not subject to assessment for taxes, is an absolute nullity not protected by the provisions of the Constitution establishing the aforementioned prescriptive periods. Richard v. Perrodin, 116 La. 440, 40 So. 789 (1906); Puritan Company v. Clarkson, 145 La. 1099, 83 So. 315 (1919); Heirs of Boagni v. Thornton, La.App., 132 So.2d 494 (3rd Cir. 1961, cert. denied); and Johnston v. Nanney, La.App., 147 So.2d 268 (3rd Cir. 1962).
In answer to the argument that prescription cannot run against the State, counsel cite LSA-R.S. 38:295 (Act No. 408 of 1964) which reads:
“The prescription by which the ownership of property is acquired as defined by Article 3458 of the Louisiana Civil Code shall not run against any Levee Board of the State or against the Board of Commissioners of any Levee District.”
The pertinency of this reference is not clear. Its purpose, no doubt, was to clarify some uncertainty, but clearly it has no effect upon the issues presented herein. Counsel also relies upon Board of Com’rs for Atchafalaya Basin Levee District v. Sperling, 205 La. 494, 17 So.2d 720 (1944); Allen v. Morgan, La.App., 80 So.2d 202 (2nd Cir. 1955) and Staring v. Grace, La. App., 97 So.2d 669 (First Cir. 1957, cert. denied). These cases are clearly inapposite. None involve a tax sale of public property but are primarily concerned with the character of possession required of a tax debtor to suspend the period of peremption from tax sale.
The judgment, therefore, must be affirmed at appellant’s cost. It is now adjudged and decreed that the purported tax sale of June 13,1956 by the Tax Collector of Caddo Parish, Louisiana to Virgil Brooks recorded June 25, 1956 in Conveyance Book 728 of the Records of Caddo Parish, Louisiana, be and is hereby declared null, void and of no effect, and cancelled on the Records of Caddo Parish insofar as it pertains to:
22.12 acres more or less, all that part of Govt. Lot 2 lying in E/2 of SE/4 of Sec. 17 (20-16) (C-1696/6) Caddo Parish, La.